STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

June 27, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FREDDIE BROWNING,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0031** (BOR Appeal No. 2048321)
                    (Claim No. 2011015218)

**BRAYMAN CONSTRUCTION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Freddie Browning, by Wendle D. Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brayman Construction, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 12, 2013, in which the Board affirmed an April 17, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 26, 2012, decision granting Mr. Browning a 0% permanent partial disability award for occupational hearing loss. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Browning worked as a construction worker for Brayman Construction. On September 23, 2010, after he stopped working, Mr. Browning filed an application for workers' compensation benefits based on hearing loss. Four months later, Mr. Browning filed a second application based on hearing loss. Mr. Browning alleged that he had been exposed to noise from dump trucks, jackhammers, and other heavy equipment while he worked for Brayman Construction. Attached to his second application was a report of an audiogram performed by Tom Waybright, CCC-A, which showed bilateral hearing loss with an ascending audiometric

1

pattern. Mr. Waybright, furthermore, did not provide a reliability rating for the audiometric testing which served as the basis of his report. Mr. Browning's application also included a report from Charles Abraham, M.D., who found that he had 7.3% whole person impairment related to his occupation based on Mr. Waybright's audiogram. Marlene B. Mowery, O.D., CCC-A, then performed an audiogram on Mr. Browning. She rated the reliability of the audiometric testing as good. David Phillips, M.D., then evaluated Mr. Browning based on Dr. Mowery's audiogram. He found that Mr. Browning had bilateral hearing loss which was worse in the left ear. Dr. Phillips determined that Mr. Browning's asymmetric hearing loss could not be explained by occupational factors. Dr. Phillips also found that he had an ascending hearing loss pattern which was not typical in occupational hearing loss claims. Dr. Phillips calculated that Mr. Browning had 0% whole person impairment related to his occupation. On March 26, 2012, the claims administrator granted Mr. Browning a 0% permanent partial disability award. On April 17, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on December 12, 2013, leading Mr. Browning to appeal.

The Office of Judges concluded that Dr. Phillips's report provided the most accurate and reliable assessment of Mr. Browning's whole person impairment related to hearing loss. The Office of Judges determined that Dr. Phillips's impairment assessment was based on an audiogram which met the reliability checks of West Virginia Code of State Rules § 85-20-47.4 (2006). The Office of Judges also considered the recommendation of Dr. Abraham, but it determined that his assessment could not be relied upon because the audiogram he used did not include a requisite reliability rating. The Office of Judges further determined that West Virginia Code of State Rules § 85-20-47.3(a) did not necessitate that a third impairment evaluation be performed because there was only one audiogram in the record that had a good reliability rating. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Mr. Browning has not demonstrated that he is entitled to any permanent partial disability award related to his hearing loss. The Office of Judges was within its discretion in relying on Dr. Phillips's impairment recommendation. His impairment recommendation was based on Dr. Mowery's audiogram, which complied with the requirements of West Virginia Code of State Rules § 85-20-47. There is nothing in the record undermining the credibility of Dr. Phillips's report. Dr. Abraham, in comparison, did not provide a reliable assessment of Mr. Browning's impairment. West Virginia Code of State Rules § 85-20-47.8 indicates that Mr. Browning's ascending audiometric and asymmetric hearing loss patterns are not typical in occupational hearing loss cases. Dr. Abraham did not sufficiently relate Mr. Browning's impairment to his occupation in light of his atypical hearing loss.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum